SUAREZ, J.
J.H. appeals from a withheld adjudication of delinquency for carrying a concealed weapon and possession of a firearm by a minor. We reverse and remand solely as to the counts of concealed weapon and possession of firearm.
J.H. was charged with carrying a concealed firearm (Count 1), possession of a firearm by a minor (Count 2), battery on a police officer (Count 3), and resisting an officer with violence (Count 4). J.H. filed a motion to suppress the firearm on grounds that it was obtained as the result of an unlawful search and seizure. The trial court denied the motion. The court withheld adjudication of delinquency and placed J.H. on probation for one year.
The record shows that the arresting police officer received a dispatch to an address based on an anonymous tip that there was a fight between several males, one of whom was wearing black clothing and carrying a taser. When the Officer arrived at the location, there were about thirty people milling around. She did not observe a fight. She did not see anyone except J.H. wearing black clothing. The Officer testified at the suppression hearing that J.H. was “sweating and attempting to catch his breath” and appeared “nervous.” Because J.H. was wearing clothing that matched the anonymous tip description and appeared to be anxious, she ordered him to come towards her and to place his hands on a car, where she proceeded to pat him down. The Officer testified that she conducted the pat down for safety *1003 reasons because the dispatch indicated the male had a taser. The officer did not, however, see any suspicious bulge on J.H. that might indicate a weapon. As the Officer patted J.H. down, she felt a cylindrical object in his pocket. Believing it to be a revolver, she stuck her hand in J.H.’s pocket to retrieve the object, then J.H. grabbed her arm, pushed her, and ran. Another officer ultimately stopped and arrested J.H.
The issue on appeal is whether the Officer had the required reasonable suspicion to conduct the stop of J.H. Based on the facts of this case, we conclude the Officer did not have reasonable suspicion to conduct the stop. It is important to note that the tip which led the officer to the location was anonymous. Anonymous tips justify a Terry[1] stop only when “sufficiently corroborated by independent police investigation that confirms some details of the tip.” Alabama v. White, 496 U.S. 325, 881-32, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). The courts have attempted to clarify reasonable suspicion in fact situations such as this:
[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others’ safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.
Florida v. J.L., 529 U.S. 266, 269-70, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (citations omitted). In J.L., the officers’ suspicion that J.L. was carrying a weapon arose not from any observations of their own but solely from a call made from an unknown location by an unknown caller. Id. The tip in that case lacked the moderate indicia of reliability present in White[2], and essential to the Court’s decision in that case. The anonymous call concerning J.L. provided no predictive information and therefore left the police without means to test the informant’s knowledge or credibility. All the police had to go on was the “bare report of an unknown, unaccountable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information about J.L.” Just because the allegation about the gun turned out to be correct does not suggest that the officers, prior to the frisks, had a reasonable basis for suspecting J.L. of engaging in unlawful conduct: the reasonableness of official suspicion must be measured by what the officers knew before they conducted their search. Id.
This is precisely the case at bar. The arresting officer did not observe any criminal or suspicious activity prior to stopping and frisking J.H. We cannot find a single case that supports sweating or appearing out of breath as an evasive or suspicious activity. The dispatch also lacked any predictive information and thus, the Officer could not test the informant’s knowledge *1004 or credibility. Moreover, the Florida Supreme Court further clarified reasonable suspicion in accordance with J.L. in Baptiste v. State, 995 So.2d 285, 298 (Fla.2008):
Here, the record does not reflect any additional circumstances or facts which might have established a reasonable suspicion. At best, when the officer first observed Baptiste, he was merely walking down the street — not running away from the grocery store or engaged in any suspicious conduct. Additionally, when the officers viewed Baptiste, he was not engaged in any illegal, suspicious, or furtive behavior, and the officers did not see a firearm or any bulges in his clothing indicative of a gun.... Thus, the sole basis for seizing Baptiste at gunpoint was the purely anonymous tip which, according to the specific requirements of our United States Supreme Court, failed to provide reasonable suspicion for Officer Williams to believe that Baptiste had or was engaged in illegal or dangerous conduct.
Here, the arresting officer only saw J.H. walking away from a gathering of people. She merely observed him sweating and catching his breath. She did not see any bulge in his clothing indicative of a weapon, or observe any illegal, suspicious or furtive behavior. The sole basis for the Officer’s search and seizure of J.H. was the anonymous tip, which the Officer failed to corroborate. This is insufficient to generate reasonable suspicion to believe J.H. was armed and dangerous. We reverse the trial court’s denial of the motion to suppress the gun and remand for the trial court to reverse the withheld adjudication of delinquency as to the counts of carrying a concealed weapon and possession of a firearm by a minor and discharge J.H. as to those counts.[3]
Reversed and remanded as to Counts 1 and 2 only.
SALTER, J., concurs.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. White held that an anonymous telephone tip, as corroborated by independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion to make investigatory stop of defendant’s vehicle.

. Counts 3 and 4, battery on a police officer and resisting arrest with violence, respectively, remain.